UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALAN LAUFER,<br><br>            Plaintiff,<br>     v.<br><br>PRYOR CASHMAN, LLP,<br><br>            Defendant. | ECF CASE<br><br>Civil Docket No. 16-cv-8487 (JPO) |

## DEFENDANT'S PRETRIAL MEMORANDUM OF LAW

LITTLER MENDELSON. P.C.
A. Michael Weber
Devjani Mishra
James F. Horton
Rebecca Goldstein
900 Third Avenue
New York, New York 10022
(212) 583-9600

Attorneys for Defendant

## I.    PRELIMINARY STATEMENT

Defendant Pryor Cashman, LLP ("Pryor Cashman" or the "Firm") respectfully submits this Pre-Trial Memorandum of Law in accordance with Rule 6(B)(i)(b), regarding the submission of pretrial materials, to outline the legal issues relevant to the trial and for the benefit of the Court.

### A.    NATURE OF PROCEEDING

Plaintiff Alan Laufer ("Plaintiff") filed this action in the United States District Court for the Southern District of New York on November 1, 2016. He alleges that Pryor Cashman, LLP discriminated against him by terminating his employment in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), the New York State Human Rights Law, N.Y. Executive Law § 290, *et seq.* ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-107, *et seq.* ("NYCHRL"), on the basis of his age (61 at the time of his termination). On December 30, 2016, Pryor Cashman filed an Answer.

Pryor Cashman filed a motion for summary judgment pursuant to Rule 56. Plaintiff opposed said Motion. On March 29, 2019, this Court issued its Decision ("Decision") denying Pryor Cashman's motion for summary judgment.

## II.    LEGAL ARGUMENTS

### A.    THE JURY WILL FIND NO EVIDENCE THAT PRYOR CASHMAN DISCRIMINATED AGAINST PLAINTIFF BASED UPON HIS AGE

Plaintiff claims that he suffered age discrimination when his employment was terminated by Pryor Cashman. Plaintiff makes this claim despite the fact that he was 43 when he was hired at Pryor Cashman by his principal supervisor, Richard Kay, who himself was 61 at that time, and despite the fact that Plaintiff was 61 when his employment was terminated by that same supervisor, who himself was 79 at the time.

To establish a *prima facie* case for discrimination under both the ADEA and NYSHRL, Plaintiff must show that he is a member of a protected class, he was qualified for his position, he suffered an adverse employment action, and the circumstances give rise to an inference of discrimination. *Gorzynski v. Jetblue Airways Corp.,* 596 F.3d 93, 106 (2d Cir. 2010); *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000). If a plaintiff can establish a *prima facie* case, the burden then shifts to the employer to articulate – not prove – a legitimate, non-discriminatory reason for the employment action. *Id*.

In this case, Plaintiff argues that he was a "steady and efficient lawyer" (Dkt. No. 63 p. 1) and that he was ultimately fired because the Firm sought and found a substantially younger and less-qualified replacement. Pryor Cashman has articulated that it had a legitimate non-discriminatory reason for terminating Plaintiff that had nothing to do with his age: his performance had steadily declined over the years and in the last year of his employment, he became hostile and aggressive towards his supervisor, Richard Kay, and was uncooperative with his other colleagues. In its Decision and Order, the Court agreed that poor performance, unreliability, and lack of collegiality could constitute legitimate grounds for termination (Decision p. 16).

Once a non-discriminatory reason has been advanced, the burden then shifts back to the plaintiff. As explained in the Supreme Court's decision in *Gross v. FBL Fin. Servs.,* 129 S.Ct. 2343, 2352 (2009), an ADEA plaintiff must then demonstrate by a preponderance of the evidence that defendant's explanation was but a pretext and that *the but-for cause of the adverse employment action was age discrimination. Id.; see Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 143 (2000); *Gorzynski,* 596 F.3d at 106; *Weinstock,* 224 F.3d at 42. Moreover, the "reason given by an employer for its action cannot be proven to be pretextual

3

unless the plaintiff shows that the real reason was false *and* that discrimination was 'the real reason." *Wali v. One Source Co.,* 678 F. Supp. 2d 170, 180 (S.D.N.Y. 2009) (*citing St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993) (emphasis in original)). Hence, "the plaintiff 'must establish a genuine issue of material fact . . . as to whether the employer's reasons for the adverse action is false and as to whether it is more likely that a discriminatory reason motivated the employer to make the adverse decision.'" *Id.* (quoting *Gallo v. Prudential Residential Servs. Ltd.,* 22 F.3d 1219, 1224 (2d Cir. 1994)).[1]

A different framework applies under the NYCHRL when it comes to claims of age discrimination. Under the NYCHRL, once the burden shifts back to plaintiff, he must prove that age was a motivating factor with respect to his termination. *Schlosser v. Time Warner Cable Inc.*, No. 14 Cv. 9349, 2017 U.S. Dist. LEXIS 87342, at *18 (S.D.N.Y. June 7, 2017); *Colon v. Trump Int'l Hotel & Tower*, No. 10 Civ. 4794 (JGK), 2011 U.S. Dist. LEXIS 140606 (S.D.N.Y. Dec. 7, 2011); *Weiss v. JPMorgan Chase & Co.*, No. 06 Civ. 4402 (DLC) 2010 U.S. Dist. LEXIS 2505, at *1-*2 (S.D.N.Y. Jan. 13, 2010).

The Court left this last question, i.e., whether the reason given by Pryor Cashman was pretextual, for the jury to decide, although it noted that the issue was a close one because Plaintiff had not presented an overwhelming case. (Decision p. 16).

Plaintiff will not prevail on his discriminatory termination claim at trial because Pryor Cashman offered legitimate non-discriminatory reasons for its termination of Plaintiff's employment, , and Plaintiff has no evidence that age played any role in this decision.

### i. *There is No Evidence From Which to Infer Discrimination.*

The undisputed material facts do not raise any inference of age discrimination. In

---

[1] Claims brought pursuant to the NYSHRL are analyzed under the same burden-shifting framework as those brought pursuant to the ADEA. *DiGerolamo v. MetLife Grp., Inc.*, 494 F. App'x 120, 122 (2d Cir. 2012) (summary order).

4

support of his claim, Plaintiff alleges that he was replaced by a younger employee. But this assertion, "is insufficient, without more, to establish an inference of age discrimination." *Bruder v. Jewish Bd. of Family & Children's Servs.*, No. 10-CV-5951 (MKB), 2013 U.S. Dist. LEXIS 31066, at *17-*18 (E.D.N.Y. Mar. 4, 2013); *Fagan v. N.Y.S. Elec. & Gas Corp.*, 186 F.3d 127, 134 (2d Cir. 1999) ("[t]he replacement of an older worker with a younger worker or workers does not itself prove unlawful discrimination.") (citation omitted)). Moreover, Plaintiff has not presented, and he will not present at trial, evidence that there was a similarly situated comparator who was treated better at any time during his extensive employment with the Firm. Plaintiff suggests his comparators would be other associates of his age and experience level at the Firm; however, there were no associates with his age and level of experience at any time during his employment at Pryor Cashman, nor were there even other associates of any age in his department at the Firm. To the contrary, he was the only associate supervised by Richard Kay and employed in the Trusts & Estates Group during his tenure at Pryor Cashman. In the absence of any similarly-situated comparator, Plaintiff cannot rely on those dissimilar to him to create an inference of age discrimination. *Risco v. McHugh*, 868 F. Supp. 2d 75, 104 (S.D.N.Y. 2012); *Albury v. J.P. Morgan Case*, No. 03-CV-2007 (HBP), 2005 U.S. Dist. LEXIS 5363, at *31 (S.D.N.Y. Mar. 31, 2005) (finding that alleged comparator was not similarly situated when the co-worker worked in a different department and had a different supervisor); *Shumway v. UPS, Inc.*, 118 F.3d 60, 64 (2d Cir. 1997) (finding that plaintiff and her proposed comparators were not similarly situated because the proposed comparators did not report to the same supervisor). Further, the evidence presented at trial will rebut Plaintiff's allegation that his replacement was less-qualified than him.

The jury will not find these circumstances sufficient to establish an inference of

discrimination, because Plaintiff will present no evidence that he was subjected to any age-related comments or that any of the above is false.

### ii. *Pryor Cashman had Legitimate Non-Discriminatory Reasons for Terminating Plaintiff's Employment that Had Nothing To Do With His Age.*

As the Court determined in its Decision, Pryor Cashman met its burden of offering reasons (Plaintiff's poor performance, unreliability, lack of collegiality, and hostile attitude) for terminating Plaintiff's employment, each of which constitutes a legitimate basis for termination. (Decision p. 16). At trial, Pryor Cashman will once again meet its burden in this regard.

### iii. *Plaintiff's Termination Was Not the Result of Discrimination Nor Was Discrimination a "Motivating Factor" in His Termination.*

Finally, there is no evidence that Plaintiff's age was a motivating factor in his termination. Although the Court decided to leave this question to the jury, it did note that the issue was close and that Plaintiff did not present an "overwhelming" case. (Decision p. 16). At trial, Plaintiff will be unable to impugn the credible testimony of numerous past and current attorneys at Pryor Cashman, and he will be unable to dispute that his supervisor grew increasingly frustrated with and could no longer tolerate his increasingly poor performance and hostile attitude. Further, any inference of discrimination based solely on Plaintiff's age is dramatically weakened by the following facts that will be adduced at trial: (i) he was hired at 43 years old; (ii) he was hired and fired by the same decision maker, who is 16 years older than him; and (iii) other partners who were consulted with regard to the termination were 59 and 68 years old at the time of the termination, while Plaintiff himself was 61 years old.

In addition, Pryor Cashman's demographics clearly show the firm's commitment to equal opportunity regardless of age. Any argument Plaintiff may put forth in opposition to these points defies logic. *Pisana v. Merrill Lynch & Co.*, No. 93-CV-4541, 1995 U.S. Dist. LEXIS 10296, at

*14 (S.D.N.Y. July 24, 1995) ("[t]he fact that . . . decision makers were close to [plaintiff's] age, or older, weakens any suggestion of age discrimination.") (*citing Williams v. Brooklyn Union Gas Co.*, 819 F. Sup. 214, 225 (E.D.N.Y. 1993)). Plaintiff will be unable to prove that age was even a motivating factor in Pryor Cashman's decision to terminate his employment.

Even a cursory review of Pryor Cashman's demographics reveals Plaintiff's argument to be meritless: in 2015, the year Plaintiff was terminated, the Firm employed 134 attorneys in total, 84 of whom were 40 years old or older and 50 of whom were 50 years old or older. As of October 22, 2019, the Firm employed 184 attorneys, 105 of whom were over age 40. The evidence will show that Pryor Cashman has no retirement age for its attorneys, and indeed routinely hires attorneys aged 60 or older who have been forced to retire from other law firms that have a mandatory retirement age.

### B. PLAINTIFF HAS SUSTAINED NO ACTIONABLE DAMAGES

#### i. *Plaintiff Had a Duty to Mitigate His Damages.*

Even where a plaintiff proves he was subjected to employment discrimination, he still has a duty to mitigate his damages by using "reasonable diligence in finding other suitable employment" under the circumstances to minimize the harm he suffered. *Ford Motor Co. v. Equal Employment Opportunity Commission*, 458 U.S. 219, 231 (1982); *Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684, 695 (2d Cir. 1998); *Vernon v. Port Auth.*, 220 F. Supp. 2d 233, 234-35 (S.D.N.Y. 2002); *Epter v. N.Y. City Transit Auth.*, 216 F. Supp. 2d 131, 135-36 (E.D.N.Y. 2002). If a defendant proves by a preponderance of the evidence that a plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to him, then any damages he would be entitled to receive must be reduced by the amount he reasonably could have avoided if he had sought out or taken advantage of such an opportunity. *See*, e.g., *Travellers Int'l, A.G. v. Trans*

*World Airlines, Inc.*, 41 F.3d 1570, 1580-81 (2d Cir. 1994).

The evidence will show that Plaintiff failed to mitigate his lost wages. After his paid six-month salary continuation period with Pryor Cashman ended, he asserts that he began an almost immediate search for employment. However, his search efforts were not for comparable jobs. Rather, the evidence will show that Plaintiff primarily applied to part-time, temporary, and contract work. Further, Plaintiff will argue that in 2019 there were very few "appropriate ads" for Plaintiff to apply to in New York. Specifically, Plaintiff has supplemented his discovery responses in this action by asserting that starting in February 2019 there were very few, if any, jobs that he applied to given that there were "no appropriate ads" for comparable employment. Yet, Defendant will prove throughout 2019, dozens of trusts and estates positions have been posted and filled, as has been the case since 2015. Thus, even in the unlikely event that the jury finds that Plaintiff was discriminated against based on his age, he still cannot recover damages because of his failure to mitigate. Further, having obtained part-time and temporary positions early on after leaving the Firm, Plaintiff continually searched for the same type of temporary/hourly work rather than applying to full-time positions like the one he held at Pryor Cashman.

Moreover, backpay and front pay are equitable remedies. As such, the Court can consider whether Plaintiff would have been capable of continuing in his former position, notwithstanding his lack of collegiality and intemperate interactions with other lawyers at the firm. *See, e.g., Chisholm v. Memorial Sloan-Kettering Cancer Center*, 824 F. Supp. 2d 573 (S.D.N.Y. 2011) (Court could reduce damage award where, prior to his termination, employee had not adapted well to management changes, he had created friction among co-workers and

supervisors, and his workplace behavior and demeanor had become increasingly erratic, such that he was unlikely to have continued to be employed).

As set forth above, the evidence will show that Pryor Cashman did not discriminate against Plaintiff when it terminated his employment. However, even assuming *arguendo* that Plaintiff can prove liability, because of his failure to mitigate damages, he will not be entitled to an award of front pay or back pay.

### ii. *Plaintiff's Other Claims For Damages Likewise Fail.*

Mental anguish or emotional distress damages are not available under the ADEA. *See* 42 U.S.C. § 1981a(b)(3) (1994), *Cross v. N.Y. City Transit Auth.*, 417 F.3d 241, 258 (2d Cir. 2005) (*citing Haskell v. Kaman Corp.*, 743 F.2d 113, 120-21 (2d Cir. 1984)); *Townsend v. Exch. Ins. Co.*, 196 F. Supp. 2d 300, 306 (W.D.N.Y. 2002).

While emotional distress damages are available under the NYSHRL or NYCHRL, a plaintiff must show "a discernible injury to [her] mental state and submit evidence regarding the nature and extent of the alleged harm." *Equal Employment Opportunity Commission v. WC&M Enters.*, 496 F.3d 393, 402 (5th Cir. 2007); *Abel v. Town Sports Int'l.*, *LLC,* No. 09-10388, 2012 U.S. Dist. LEXIS 183444, at *50-51 (S.D.N.Y. Dec. 18, 2012) (holding that Plaintiff's sparse testimony, standing alone, is generally insufficient to sustain an award of emotional distress damages); *Dejesus v. Vill. of Pelham Manor*, 282 F. Supp. 2d 162, 177 (S.D.N.Y. 2003) ("emotional distress damages cannot be established by mere subjective statements by the plaintiff, without corroboration."). Further, although a plaintiff is not required to introduce medical or expert testimony as to his damages, "the lack of such evidence must be considered in the Court's assessment of the reasonableness of the award in light of the evidence presented." *Ginsberg v. Valhalla Anesthesia Assocs., P.C.*, No. 96 Civ. 6462 (HB), 1997 U.S. Dist. LEXIS

16681, at *8 (S.D.N.Y. Oct. 28, 1997). Plaintiff will not present sufficient evidence to establish a claim for emotional distress damages.

### *iii.   There Is No Proof to Support Liquidated or Punitive Damages.*

Punitive damages are not available under the NYSHRL for claims accruing prior to October 11, 2019. *Thoreson v. Penthouse Int'l*, 80 N.Y.2d 490, 499 (N.Y. 1992) (punitive damages are not permitted in a court action pursuant to the NYSHRL). Under the ADEA, a plaintiff is entitled to liquidated damages, which are punitive in nature, but only if the jury finds that Pryor Cashman willfully violated the ADEA. That is, Plaintiff must prove by a preponderance of the evidence that Pryor Cashman knew or showed reckless disregard for the fact that its conduct violated the ADEA. *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111 (1985). Only if willfulness is established, is a plaintiff entitled to liquidated damages in the amount equal to his back pay and benefits. 29 U.S.C. § 626(b). In the unlikely event that Plaintiff is successful in establishing a violation of the ADEA, the evidence at trial will demonstrate that Pryor Cashman's actions were not willful or malicious. In addition, the evidence at trial will demonstrate that Pryor Cashman had policies against discrimination and made a good faith effort to enforce them, and thus, a punitive damages award would be improper.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff will not be able to prevail at trial. There simply is no evidence that Plaintiff's age played any role in the decision to terminate his employment. Beyond that, there is simply no evidence of any damages suffered by Plaintiff and in fact, there is ample evidence that Plaintiff failed to mitigate his damages.

Dated: October 23, 2019
New York, New York

*/s/ A. Michael Weber*
A. Michael Weber
Devjani Mishra
James F. Horton
Rebecca Goldstein
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022
(212) 583-9600

Attorneys for Defendant