# V̲ladeck, R̲askin & C̲lark, P.C.

Valdi Licul<br>
212.403.7311<br>
vlicul@vladeck.com

November 7, 2019

**VIA ECF**

Honorable J. Paul Oetken
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Room 2101
New York, New York  10007

    Re: Laufer v. Pryor Cashman, LLP
       (16 Civ. 08487)

Dear Judge Oetken:

  We represent Plaintiff, Alan Laufer, in the above-referenced action against Defendant, Pryor Cashman, LLP ("Pryor Cashman"). We write to respond to Defendant's letter dated November 7, 2019 requesting a conference to further address Defendant's motion in limine to preclude testimony from Bernard Cohen and to move in limine to preclude testimony of Ellyn Polansky. (See ECF No. 107.)  Plaintiff is prepared to discuss the issues raised in this letter at tomorrow's final pre-trial conference or at the Court's convenience.

  Background on Cohen and his testimony is set forth in Plaintiff's Memorandum of Law in Opposition to Defendant's Motion in Limine. (See ECF No. 101 at 7-8.) Polansky is Associate Director of Alumni Services at New York University School of Law. (Deposition of Ellyn Polansky dated December 5, 2017 at 8:9-13, ECF No. 107-5.) Polansky is responsible for, inter alia, assisting graduates with career changes. (Id. at 8:18-9:6.) Polansky met Laufer in or about August 2015 (id. at 9:7-11), shortly after Laufer had been informed of his firing from Pryor Cashman in July 2015. During his meeting with Polansky, Laufer told Polansky about his firing. (Id. at 10:2-11.) Polansky told Laufer about job resources, networking, and job listing sites, and Polansky recommended that Laufer pursue employment opportunities at organizations other than law firms. (Id. at 15:4-10.) Polansky also gave Laufer suggestions for his resumé and reviewed a revised resumé that Laufer sent her following their meeting. (Id. at 15:11-20.)

  Defendant argues that Cohen and Polansky should be precluded from testifying because their respective testimony would be hearsay. (ECF No. 107 at 2.) Defendant's hearsay argument is unfounded for two reasons.

  First, as Laufer's mitigation efforts are in dispute, statements Laufer made in connection with his efforts to find work are "verbal act[s] giving rise to legal consequences." Munafo v. Metro. Transp. Auth., No. 00-CV-0134, 2003 WL 21799913, at *17 (E.D.N.Y. Jan. 22, 2003) (concluding that article was not hearsay because plaintiff's statements had legal consequence concerning assertion of First Amendment rights). Because "the fact of the assertion is in itself relevant," id. (quoting United States v. Press, 336 F.2d 1003, 1011 (2d Cir. 1965)), Laufer's statements are not

Hon. J. Paul Oetken
November 7, 2019
Page 2

hearsay. See Advisory Committee Note to Fed. R. Evid. 801(c) ("If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay."); cf. Herring v. SCI Tenn. Funeral Servs., LLC, No. 2:15-CV-280, 2017 WL 10379594, at *1-2 (E.D. Tenn. May 3, 2017) (concluding that plaintiff could offer testimony from a former coworker whom plaintiff contacted following her termination to ask about available jobs, for the testimony was relevant to plaintiff's mitigation efforts and would be within former coworker's personal knowledge).

Second, and separately, "[a] witness's statement is not hearsay if the witness is reporting what he heard someone else tell him for the purpose of explaining . . . what motivated [the witness] to do something. In those circumstances, the out-of-court statement is not being offered as evidence that its contents are true." United States v. Leonard-Allen, 739 F.3d 948, 954 (7th Cir. 2013), as amended on denial of reh'g and reh'g en banc (Aug. 29, 2013). Polansky and Cohen will both testify to acts they took to assist Laufer in his post-termination job search efforts. Accordingly, Laufer's statements motivating those acts are not hearsay.

The Court, therefore, should reject Defendant's hearsay arguments.

Defendant also reasserts its argument that "Cohen should also be precluded from testifying about any alleged emotional distress that Plaintiff purports to have suffered, because . . . testimony establishing causation requires an expert opinion." (ECF No. 107 at 2.) For reasons Plaintiff has already explained (see ECF No. 101 at 18-19), this argument is meritless.

Finally, Plaintiff recently learned that Cohen would be unavailable for trial. (See ECF No. 170-3.) Defendant, however, does not dispute that it has long been aware that Plaintiff intended to present Cohen's testimony at trial. (See ECF No. 85 at 4.) Defendant does not explain what specific prejudice it encounters from having Cohen's deposition testimony presented to the jury in light of Cohen's unavailability. (See ECF 107 at 3.) Indeed, Defendant attended and conducted Cohen's deposition.

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the requests set forth in Defendant's November 7, 2019 letter.

                                            Respectfully submitted,

                                            _____/s/_____
                                                     Valdi Licul

VL/yag