

Littler Mendelson, P.C.
900 Third Avenue
New York, NY 10022.3298

Devjani H. Mishra
Shareholder
212.497.8482 direct
212.583.9600 main
dmishra@littler.com

November 12, 2019

**VIA ECF**

The Honorable J. Paul Oetken
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

          **Re:**   *Alan Laufer v. Pryor Cashman LLP*
                <u>**No. 16-CV-8487 (JPO)**</u>

Dear Judge Oetken:

We represent the Defendant Pryor Cashman in the above-referenced matter. Pursuant to Your Honor's Instructions at the November 8 pre-trial conference, we respectfully submit this letter further addressing Defendant's motion *in limine* to preclude the testimony of Bernard (Bernie) Cohen as well as, in the alternative, to provide Defendant's counter-designations to Mr. Cohen's proffered deposition testimony, attached as Exhibit A.

As explained in Defendant's November 7, 2019 letter (ECF Dkt No. 107), the parties exchanged their proposed witness lists on October 14, 2019. In this exchange, Plaintiff disclosed his deposition designations, which did not include any from Mr. Cohen's deposition, and informed Defendant that the remainder of his deposition designations would be tardy. See ECF Dkt No. 107 with exhibits. On October 16, 2019, Plaintiff's counsel sent Defendant's counsel the "full set of deposition designations" Plaintiff intends to use at trial. Bernard Cohen also was not included in this revised list. On October 23, 2019, in accordance with Your Honor's May 3, 2019 Scheduling Order (ECF Dkt. No. 75) the parties filed their respective motions *in limine*. Defendant moved, in part, to preclude the testimony of Mr. Cohen (see ECF Dkt. No. 92). On November 5, 2019, Plaintiff's counsel sent Defendant an e-mail explaining that he was adding to his list of deposition designations parts from Mr. Cohen's deposition because Mr. Cohen will not be available to testify at trial. See ECF Dkt No. 107 with exhibits. This belated designation is improper and should be precluded because the witness is not unavailable as required by Federal Rule of Civil Procedure 32(a)(4) and the testimony designated by Plaintiff is hearsay.

Hon. J. Paul Oetken, U.S.D.J.
November 12, 2019
Page 2

The "general rule is that testimony at all trials must be live." *Banks v. Yokemick*, 144 F. Supp. 2d 272, 288 (S.D.N.Y. 2001) (*citing* Fed. R. Civ. P. 32(a)). That being said, a party is permitted to use a deposition in a court proceeding if the court finds that one of the following conditions exist:

> (A) the witness is dead; (B) the witness is at a distance greater than 100 miles from the place of trial or is out of the United States; (C) the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; (D) the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or (E) a showing is made that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.

*Banks*, 144 F. Supp. at 288 (*citing* Fed. R. Civ. P. 32(a)(4)(A)-(E)); *Samad Bros. v. Bokara Rug Co.*, No. 09 Civ. 5843 (JFK) (KNF), 2012 U.S. Dist. LEXIS 2413, at *5 (S.D.N.Y. Jan. 9, 2012) (same). Plaintiff's counsel belatedly alerted Defendant's counsel on November 5, 2019 that Mr. Cohen would be unavailable to testify at trial. Further, Plaintiff's counsel has advised that Mr. Cohen is unexpectedly absent for no excusable reason, and have not informed Defendant of any attempts to issue a subpoena to secure Mr. Cohen's attendance at trial. Therefore, as Plaintiff's counsel has not demonstrated that they meet any of the criteria listed in Fed. R. Civ. P. 32(a)(4) to classify Mr. Cohen as an unavailable witness, Plaintiff should be precluded from using the deposition designations offered in his November 5, 2019 e-mail correspondence and Mr. Cohen's testimony should be precluded. *See, e.g. Banks*, 144 F. Supp. at 288 (concluding no exceptional circumstances exist that would permit the introduction of depositions at trial).

Most glaringly, Mr. Cohen is not outside of the power of the subpoena, and therefore can be compelled to testify live pursuant to Fed. R. Civ. P. 32(a)(4)(D). Rule 45 provides that "[a] subpoena may command a person to attend a trial, hearing, or deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense." Mr. Cohen lives in Great Neck, New York, which is less than 100 miles from the location where this trial is to take place. *See* Transcript of Deposition of Bernard Cohen attached as Exhibit B at 5:15. Plaintiff's argument that Mr. Cohen will be on vacation outside of the continental United States is of no moment – Mr. Cohen could and should have been subpoenaed pursuant to Rules 45 and 32. No exceptional circumstances exist to excuse Plaintiff's circumvention of the rules. Therefore, the deposition designations should be precluded since Mr. Cohen is not unavailable to testify live at trial.

Further, as set forth in Defendant's motion *in limine*, relevant evidence must be excluded from trial if it is hearsay. See ECF Dkt. No. 107. Fed. R. Evid. 602 states that "[a] witness may testify

to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; *see Beyar v. N.Y. City Fire Dep't.*, No. 07-3406-cv, 2008 U.S. App. LEXIS 25706, *2-3 (2d Cir. Dec. 19, 2008) (district court properly excluded several categories of evidence offered by the plaintiff in a discrimination case where the risk of prejudice outweighed any probative value); *United States v. Malpeso,* 115 F.3d 155, 163 (2d Cir. 1997) ("even if the evidence were of some marginal relevance, it is far outweighed by the risk of prejudice").

The deposition designations Plaintiff seeks to offer at trial primarily comprise inadmissible hearsay under Fed. R. Evid. 802, insofar as the proffered testimony consists of out of court assertions being offered for the truth of the matters asserted. For example, Plaintiff has designated the following testimony:

> Q: Did Alan ever complain to you about any of the people he worked with or worked for at Pryor Cashman?
> A: Recently, I would say yes, not before.
> Q: And when you say "recently," what time frame would that be?
> A: The last two years, would have been the last two or . . .
> Q: Do you remember anything specific that he said to you when he as complaining about the people he worked with or for at Pryor Cashman?
> A: Well, I don't know about the people specifically. He was disappointed and hurt that he was released from his position.

See Exh. B at 13:8-13:23.

> Q: Do you remember how you learned that Mr. Laufer was terminated?
> A: He told me.
> Q: Do you remember what he said during that conversation when he told you his employment had ended?
> A: No, not the words, I mean, he - - he was - - he was upset.
> Q: Do you remember what he said that led you to believe that he was upset or what he did that led you to believe he was upset?
> A: He might have - - he might have actually used words like that but, I mean, I could see it in his physical demeanor and his emotional - - what he showed me emotionally, so . . .

See Exh. B at 15:23-16:14.

Hon. J. Paul Oetken, U.S.D.J.
November 12, 2019
Page 4

> Q: Do you remember generally what [Mr. Laufer] said about feeling that he was being discriminated against based on his age by Pryor Cashman?
> A: Okay. I believe he said something about his evaluations at the firm being good and not adding up to his being released from the company.

See Exh. B at 17:8-15.

Thus, Plaintiff is attempting to use Mr. Cohen's testimony that he was "disappointed and hurt" that he was terminated by Pryor Cashman as evidence of the truth of those statements – i.e. that Plaintiff suffered emotional distress as a result of his termination, and that that termination was discriminatory. All of this is impermissible hearsay and should be precluded as a matter of law.

Plaintiff further designated the following:

> Q: I believe you testified earlier that you've seen Alan since his employment was terminated; is that accurate?
> A: Yeah.
> Q: Has there been any change in his mental health since leaving Pryor Cashman that you've noticed?
> A: I would say yes.
> Q: What change have you noticed in his mental health?
> A: He's stressed.
> Q: Anything else?
> A: No.
> Q: Has Mr. Laufer seemed depressed?
> A: Yes.
> Q: Angry?
> A: Yes.
> Q: Does his depression seem severe, mild?
> A: Well, certainly not mild. I mean, how severe, that's - - that's another story, but - - but depressed where you could see it, and it was constant for a long period of time.

See Exh. B at 23:3-23:25. Again, Plaintiff is attempting to use Mr. Cohen's out of court assertions, made in 2017, regarding Mr. Laufer's mental condition and alleged depression for the purposes of proving that Mr. Laufer was in fact emotionally impacted by his termination, all of which is inadmissible hearsay.

Hon. J. Paul Oetken, U.S.D.J.
November 12, 2019
Page 5

Moreover, Plaintiff also purports to use Mr. Cohen's out of court testimony to demonstrate Mr. Laufer's plans to retire or lack thereof. For example, Plaintiff has designated the following testimony:

> Q: And has Alan ever spoken to you about retirement?
> A: Yes.
> Q: What did he say?
> A: That he wasn't ready to retire at this point.
> Q: When did he say that to you?
> A: Probably in the last six months.
> Q: Did he mentioned to you when he would be ready to retire?
> A: No.

See Exh. B at 24:17-25:3. These statements are not merely being offered to show that Mr. Laufer mentioned retirement to Mr. Cohen, but rather are specifically being offered for their truth, *viz.*, whether or not Mr. Laufer was considering retiring, which makes them hearsay.

Further, the introduction of hearsay statements by Mr. Cohen will likely confuse the jury, as well as cause prejudice to Defendant. See ECF Dkt. No. 107. Because the probative value of these hearsay statements is substantially outweighed by the risk of prejudice to Defendant, they should be precluded on this basis as well. *See* Fed. R. Evid. 403.

Thus, because Mr. Cohen is not an unavailable witness under Fed. R. Civ. P. 32(a)(4) and the proposed deposition designations of Mr. Cohen constitute hearsay in any event, Defendant requests that these deposition designations be precluded at trial.

We appreciate your Honor's attention to and consideration of this request.

Respectfully submitted,

/s/Devjani H. Mishra

Devjani H. Mishra


cc:     All counsel of record (via ECF)